# In the District Court of Philadelphia.

## MARKLEY *v.* WARTMAN *et ux.*

The husband is liable for necessaries furnished to the wife for the support of herself and family, although she has been decreed a *feme sole* trader.

Opinion, June 13, 1874, by

MITCHELL, J.    It might be sufficient to say that the plea is defective in form, in not setting out that the wife was a feme sole trader at the time of contracting the debt, but we are clear that it is bad in substance, and therefore dispose of the case upon that ground.

At common law, the husband, and he alone, was liable for the support of the family, and this liability extended to all necessaries furnished to the wife for that purpose.    By the express words of the Act of April 11, 1848, sec. 8, where debts are contracted for necessaries for the support of the family of any married woman, the creditor may sue both husband and wife, and after exhausting the husband's estate, he may have execution of the wife's.    The plaintiff by his declaration has brought himself clearly within this act.

We are unable to discover anything in the Acts of 1718 and 1855, relative to feme sole traders, that shows any legislative intent to change, in their case, the common law rule so carefully preserved in the Act of 1849. On the contrary, the Act of 1718 expressly provides that where it is made to appear to the court in which any execution is returnable, that the wife, acting as a feme sole trader, has "laid out money for the necessary support and maintenance of herself and children, in such case execution shall be levied upon the estate of such husband, to the value so paid or laid out." And again, in section 3, if the husband remain absent so long that his wife and children "are like to become chargeable to the town," then the estate of such husband shall be liable to be taken in execution to satisfy any sums the wife or guardian shall necessarily expend for their support and maintainance.

The act of 1855 makes no change in the respective liabilities of husband and wife; it merely extends the operation of the act of 1718 to other cases than that of absence of the husband at sea, and refers for the privileges and liabilities of a feme sole trader to that act; 20 P. F. Smith, 498.

We think it is clear, therefore, from the rule of the common law, and the plain legislative intent of every act on the subject, that the primary liability for necessaries for the support of the wife and family is upon the husband, whether the wife be entitled to the privileges of a feme sole trader or not.

These privileges are for her assistance and protection, not for his who had disregarded his natural and legal duty, and sought to escape his just burdens.

The precise point involved in this case does not appear to have been decided by the Supreme Court, but it is necessarily involved in the decision of the converse proposition, that the wife is not primarily liable, made by this court in Sheetz v. Cleaver, 8 Phila. 3, affirmed by the Supreme Court in 20 Smith, 496.

Judgment for plaintiff on the demurrer.